**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BRIAR CREEK, *et al.*, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:14-CV-2623-RWS |
| ALEXIS STEVENS, | : |
| | : |
| Defendant. | : |

**ORDER**

Plaintiff initiated a dispossessory action against Defendant in the Magistrate Court of Rockdale County seeking to remove Defendant from the subject premises for failure to pay rent. On August 14, 2014, Defendant proceeding *pro se*, filed an IFP application seeking to remove the action to this Court. Defendant stated that she sought to remove the action to federal court on the grounds that the dispossessory proceeding violates the due process clause of the Fourteenth Amendment to the United States Constitution. On August 18, Chief Magistrate Judge Janet F. King entered an Order [2] granting the Application to Proceed *In Forma Pauperis* and directed that the case be submitted to the undersigned for a frivolity determination pursuant to 28 U.S.C.

§ 1915.

Under § 1915(e)(2)(B), a court must "*sua sponte* dismiss [an indigent nonprisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). A claim is frivolous under § 1915(e)(2)(B)(I) "if it is 'without arguable merit either in law or fact.' " *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir . 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). A "document filed *pro se* is 'to be liberally construed,' . . . , and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (discussing that pro se filings are entitled to liberal construction).

A defendant may remove a case from state to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). However, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may

2

be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Thus, a "district court first must determine whether it has original jurisdiction over the . . . claims" of the party asserting federal jurisdiction. *Id.* Original jurisdiction under § 1441 arises if there is diversity of parties or a federal question. *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). "The district court may remand a case sua sponte for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Under 28 U.S.C. § 1332, district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different states. 28 U.S.C. § 1332(a).

Even if she could satisfy the amount in controversy, diversity of citizenship sufficient to support removal still would not be present in this case. Under § 1332(a), an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the plaintiff resides. *Lincoln Prop. Co.*

3

AO 72A
(Rev.8/82)

*v. Roche*, 546 U.S. 81, 89 (2005). The removal statute does not provide an in-state defendant the same flexibility in removing cases. *Id.* at 89-90 ("The scales are not evenly balanced, however[,]" for plaintiffs bringing a case under diversity jurisdiction and for defendants removing a case under diversity jurisdiction.). Instead, § 1441(b) bars removal on the basis of diversity if the "defendant is a citizen of the State in which [the] action is brought." *Id.* at 90 (quoting 28 U.S.C. § 1446(b)); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996). That code section does not permit removal on diversity grounds to the Northern District of Georgia because Defendant is a citizen of the State of Georgia. Stated another way, Defendant, a citizen of Georgia, cannot remove the case to a federal court in Georgia because Plaintiff brought the dispossessory action in Georgia. *See Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989) (holding that defendant's removal of foreclosure action brought in an Ohio state court to an Ohio federal court was improper because defendant was a citizen of Ohio); *see also Bregman v. Alderman*, 955 F.2d 660, 663 (11th Cir. 1992) (finding removal improper because although there was diversity of citizenship, two of the defendants were citizens of the forum state). Thus, the Courts may not exercise subject matter jurisdiction based on diversity of citizenship.

4

A federal question exists if a civil action is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To remove a case as one falling within federal question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 530-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."). The removing party bears the burden of proving a federal question exists. *See Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

The Court concludes that the due process clause does not provide a basis for removal of the state court action. Stevens is relying on the due process clause as a defense to the eviction proceedings by asserting that the state process violated her due process rights. A defense to a civil action does not provide a basis for removal. *See, e.g.*, *Acker*, 527 U.S. at 431 (noting that an actual or anticipated defense does not generally qualify a case for removal).

5

Therefore, the Court concludes that the Fourteenth Amendment's due process clause does not provide this Court with subject matter jurisdiction over the dispossessory action. *See Christiano v. Shapiro*, No. 87-cv-3104, 1987 WL 18778, *1 (E.D.N.Y. Oct. 14, 1987) (remanding case to state court in part because "[p]etitioner's claimed denial of due process [was] collateral to the landlord-tenant action initiated by the landlord").

Without federal question or diversity jurisdiction, the Court concludes that it does not have original jurisdiction over this case. As a result, Stevens has not shown a legitimate basis to remove this dispossessory action to federal court.

For the aforementioned reasons, the Clerk is hereby **ORDERED TO REMAND the case to the Magistrate Court of Rockdale County.**

**SO ORDERED**, this   19th   day of August, 2014.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)